# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2716 | **DATE** | 12/18/2003 |
| **CASE TITLE** | Amwest Surety Insurance Company vs. Frank Szabo, Jr., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter memorandum opinion and order. Plaintiff Amwest Surety Insurance Company's emergency motion for clarification of this court's memorandum opinion and order dated July 22, 2003 [106-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 1 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 113 |
| | Docketing to mail notices. | | G~ | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 12/18/2003 | |
| | | | date mailed notice | |
| IS | courtroom deputy's initials | 03 DEC 17 PM 10:47 | IS | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMWEST SURETY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 00 C 2716 ) |
| v. | ) Magistrate Judge ) Martin C. Ashman |
| FRANK SZABO, JR. and SZABO CONSTRUCTION SERVICES, INC., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Plaintiff Amwest Surety Insurance Company's Emergency Motion for Clarification of this Court's Memorandum Opinion and Order Dated July 22, 2003.[1] For the following reasons, Amwest's motion is granted.

On July 22, 2003, this Court granted Amwest's motion to enter final judgment and set damages against Defendant Szabo Construction Services, Inc. ("SCSI").[2] This motion and the resulting order only applied to SCSI, although we had earlier granted Amwest's motion for summary judgment as to Defendant Frank Szabo, Jr.'s individual liability under a General Indemnity Agreement and an Agreement/Loan/Trust Account (Execution Agreement) for expenses Amwest incurred as a result of issuing surety bonds on behalf of Szabo Contracting,

---

[1] The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(b).

[2] *Amwest Surety Ins. Co. v. Szabo*, No. 00 C 2716, 2003 WL 21789033 (N.D. Ill. July 23, 2003). Amwest never requested that the Court dismiss SCSI's counterclaims.

Inc.[3] Szabo, prior to our July 22, 2003 Order, filed a Chapter 7 bankruptcy case and all claims against him have been discharged. Therefore, Amwest's claims against Szabo are dismissed with prejudice. SCSI is solely liable for the judgment against it in the amount of $2,178,504 entered on July 22, 20003, with such amount to be reduced by any amount collected by Amwest from any governmental entities currently subject to SCSI's liens.

With respect to Count II of Amwest's complaint, Specific Performance of the Collateral Posting Provision, although not explicitly stated in our July 22, 2003 Order, we find that the claim is mooted by the final judgment, and therefore deny it accordingly. In Count II, Amwest asks for injunctive relief, requiring SCSI to post collateral in the amount of an anticipated increased reserve. The money judgment against SCSI requires the payment of a proven loss, rather than any anticipated loss. The proven loss is the final amount that is owed to Amwest for the completion of the projects, and because the projects are completed, Amwest no longer needs to increase its reserve and no longer requires collateral from SCSI. Specific performance is not warranted. Count II is therefore denied with prejudice.

Count III is a breach of contract claim against SCSI. In Count III, Amwest alleges that SCSI breached its agreement with Amwest to complete work on the projects by charging more than the allowable IDOT Force Account rates and by using payments from Amwest for purposes other than the completion of the projects. Our July 22, 2003 Order granted Amwest's motion for final judgment against SCSI and therefore comprises a final adjudication of Count III.

SCSI had also filed a counterclaim against Amwest for breach of contract and unjust enrichment for Amwest's alleged failure to pay SCSI for work it performed on various projects.

---

[3] *Amwest Surety Ins. Co. v. Szabo*, No. 00 C 2716, 2001 WL 1230643, at 4-5 (N.D. Ill. Oct. 11, 2001).

In our July 22, 2003 Order, we noted that we had earlier found that any payment due SCSI from Amwest would be subject to indemnification by SCSI under the Indemnity Agreement. (July 22, 2003 Order at 5.) We also found that Paragraphs 1 and 12 of the Execution Agreement explicitly granted Amwest sole discretion to refuse payment to SCSI if Amwest believed that a discrepancy existed between its records and the amount invoiced by SCSI. (July 22, 2003 Order at 7.) We also held that Amwest did not breach its duty of good faith and fair dealing in exercising its discretion to refuse payment to SCSI. (July 22, 2003 Order at 8.) For these reasons, SCSI's counterclaim (Counts I-VI) for breach of contract and unjust enrichment is dismissed.

Accordingly, for the foregoing reasons, Amwest's claims against Frank Szabo, Jr. are dismissed with prejudice. SCSI is solely liable for the judgment against it in the amount of $2,178,504 entered on July 22, 20003 (such amount to be reduced by any amount recovered by Amwest that is currently held by any governmental entity due to SCSI's liens). Count II of Amwest's complaint against SCIS is denied with prejudice. Count III of Amwest's complaint was adjudicated by our July 22, 2003 Order. Counts I-IV of SCSI's counterclaim against Amwest are dismissed with prejudice.

**ENTER ORDER:**

*[signature]*

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: December 18, 2003.

Copies have been mailed to:

| | |
|---|---|
| T. SCOTT LEO, Esq.<br>JOHN E. SEBASTIAN, Esq.<br>JOEL R. PAGE, JR., Esq.<br>The Law Offices of Leo & Weber<br>One North LaSalle Street<br>Suite 3600<br>Chicago, IL  60602<br><br>Attorneys for Plaintiff | JAMES M. DASH, Esq.<br>Much Shelist Freed Denenberg<br>  Ament & Rubenstein, P.C.<br>191 North Wacker Drive<br>Suite 1800<br>Chicago, IL  60606<br><br>Attorney for Defendant |